UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PETER MICHAEL SLOAN a/k/a PETER
SHATNER,

       **Plaintiff,**

v.                                                    Case No: 8:17-cv-332-T-27AAS

WILLIAM SHATNER,

       **Defendant.**

_____/

## ORDER

**BEFORE THE COURT** is Defendant William Shatner's Motion to Dismiss First Amended

Complaint (Dkt. 10), which Plaintiff opposes (Dkt. 15). This action stems from Plaintiff's allegation,

based on information and belief, that he is the biological child of William Shatner. In his eight count

complaint, he sues Shatner for defamation and libel, defamation and libel *per se*, defamation and

slander, defamation by implication, and tortious interference with a business relationship with IMDb

and Twitter. Shatner removed this action on the basis of diversity jurisdiction. (Dkt. 1). Shatner

moves to dismiss on a number of grounds, including lack of personal jurisdiction. Upon

consideration, the Motion (Dkt. 10) is **GRANTED**.

**I. Standard**

      Initially, the plaintiff bears the burden of alleging sufficient facts for a prima facie case of

jurisdiction over a non-resident defendant. *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th

Cir. 2009). When the defendant challenges jurisdiction with affidavits, "'the burden traditionally

shifts back to the plaintiff to produce evidence supporting jurisdiction.'" *Id.* (citations omitted); *see*

1

*also Polski Linie Oceaniczne v. Seasafe Transp. A/S*, 795 F.2d 968, 972 (11th Cir. 1986) (noting that "[i]f the defendant sustains this burden, the plaintiff is required to substantiate the jurisdictional allegations in the complaint by affidavits or other competent proof, and not merely reiterate the factual allegations in the complaint").

Determining personal jurisdiction over a nonresident defendant is a two-part inquiry: "the exercise of jurisdiction must (1) be appropriate under the state long-arm statute and (2) not violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution." *Mazer*, 556 F.3d at 1274. The construction and application of Florida's long-arm statute is a question of Florida law, therefore, federal courts construe the provisions as would the Florida Supreme Court. *Horizon Aggressive Growth, L.P. v. Rothstein-Kass, P.A.*, 421 F.3d 1162, 1167 (11th Cir. 2005) (citing *see Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir.1990)). And, "Florida's long-arm statute is to be strictly construed." *Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 627 (11th Cir. 1996) (citation omitted). Florida's long-arm statute confers personal jurisdiction over a non-resident defendant who commits a tortious act in Florida or who operates, conducts, engages in, or carries on a business in the state. Fla. Stat. § 48.193(1)(a).

## II. Discussion

Plaintiff alleges five defamation counts, one defamation by implication count, and two tortious interference counts against Shatner that stem from four events, an e-mail to a Tampa reporter, an internet post on Shatner's website, an internet post in Shatner's Official Facebook group, and the Calta interview,  wherein Shatner and/or his agents denied that Plaintiff was his son.[1]  The

---

[1] Counts I (defamation and libel) and II (defamation and libel *per se*) stem from an email Cherry Hepburn sent to the Tampa Tribune. Counts III (defamation and libel) and IV (defamation and libel *per se*) stem from posts Camuso made on Shatner's website and official Facebook group page. Counts V (defamation and slander) and VI (defamation

May 9, 2015 Tribune article, attached to the Complaint as Exhibit A, includes a statement attributed to Cherry Hepburn, a public relations and communications representative, who stated "Mr. Shatner has 3 lovely daughters but NO son," and, "This person has fraudulently portrayed himself as Mr. Shatner's son for years." (Dkt. 9-1 at 3). The identical posts to Shatner's website and Facebook group, attributed to Paul Camuso, Shatner's social media director, state in pertinent part, "I removed the Peter Sloan (aka Shatner) thread. He is NOT Mr. Shatner's son," and, "It's all a big con game for fame so that's why we don't bother with Mr. Sloan." (Dkt. 9-2 at 6-7). In the Calta interview, in response to, "So he's not your son? I'm glad I didn't buy into it," Shatner says, "No, no, no ...!"

**Personal Jurisdiction Tortious Acts**

A defendant's physical presence in Florida is not required to commit a tortious act in Florida. *Acquadro v. Bergeron*, 851 So. 2d 665, 670 (Fla. 2003) (quoting *Wendt v. Horowitz*, 822 So. 2d 1252, 1260 (Fla. 2002)). A tortious act may be committed through telephonic or electronic communications into Florida. *Id.* And telephonic or electronic communications into Florida may form the basis of personal jurisdiction "if the alleged cause of action arises from the communications[.]" *Wendt*, 822 So.2d at 1260. In order to determine, therefore, whether personal jurisdiction exists over a nonresident defendant based on his alleged tortious acts, the court must determine whether the allegations state a cause of action. *Id.* ("The threshold question that must be determined is whether the allegations of the complaint state a cause of action.").

Federal Rule of Civil Procedure 8(a)(2) requires a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." A plaintiff must allege "more

---

by implication) stem from a statement Shatner made on a radio show. Libel and slander are the different ways defamatory statements are published. Libel is written defamation, and slander is oral or spoken. *Dunn v. Air Line Pilots Ass'n*, 193 F.3d 1185, 1191 (11th Cir. 1999); *Scott v. Busch*, 907 So. 2d 662, 666 (Fla. 5th DCA 2005).

than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In evaluating a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), the relevant question is not whether the plaintiff will ultimately prevail, but whether the allegations are sufficient to allow the plaintiff to conduct discovery in an attempt to prove the allegations. *See Jackam v. Hosp. Corp. of Am. Mideast, Ltd.*, 800 F.2d 1577, 1579-80 (11th Cir. 1986).

### Counts I and III
### Defamation and Libel

To state a cause of action for defamation under Florida law, a plaintiff must allege the following five elements: "(1) publication; (2) falsity; (3) actor must act with knowledge or reckless disregard as to the falsity on a matter concerning a public official, or at least negligently on a matter concerning a private person; (4) actual damages; and (5) statement must be defamatory." *Jews For Jesus, Inc. v. Rapp*, 997 So. 2d 1098, 1105-06 (Fla. 2008). "[A] statement must be false to be libelous[.]" *Rubin v. U.S. News & World Report, Inc.*, 271 F.3d 1305, 1308 (11th Cir. 2001).

Viewing Plaintiff's allegations as true, he was born to an unknown biological father, but he "gradually became aware of facts supporting the conclusion" that Shatner was his biological father. (Dkt. 9 ¶¶ 22, 23). Shatner privately admitted he was Plaintiff's father, Shatner privately denied he was Plaintiff's father, Plaintiff proposed to conclusively determine paternity through testing, and Plaintiff contacted Shatner "for the sole purpose of definitively resolving the question of Plaintiff's paternity." (Dkt. 9 ¶¶ 25, 26, 27, 32). Indeed, these allegations, taken as true, are that he does not know who his biological father is, and his paternity is unknown.

According to the Tribune article, Plaintiff is "the product of a one-night stand . . . born

4

without Shatner's knowledge and given up for adoption" in New York. (Dkt. 9-1 at 3). After reconnecting with his biological mother, she described two men who could be his father, Shatner and a law student from Montreal. (Dkt. 9-1 at 3-4). He was adopted through the Children's Aid Society which did not give him the name of his birth parents, but described his father as "a law student who belonged to 'one of the old respected families in Canada.'" (Dkt. 9-1 at 7). Taking the Tribune article as true, Plaintiff's mother speculated the identity of his biological father, and the adoption agency informed Plaintiff that his biological father is the law student from Montreal, not Shatner.

Even viewing the Amended Complaint in the light most favorable to Plaintiff, he has failed to state a defamation claim against Shatner. His factual allegations contradict his legal conclusion that the statements attributed to Shatner are false. Stated differently, his factual allegations do not establish that Shatner's statements that he is not Shatner's son are untrue.[2] *See Rubin*, 271 F.3d at 1308; *Rapp*, 997 So. 2d at 1105-06 (Fla. 2008). Accordingly, Counts I and III will be dismissed.[3]

### Counts II and IV
### Defamation and Libel *Per Se*

In Counts II and IV, Plaintiff asserts a claim for libel *per se* against Shatner for the statement Hepburn made that Plaintiff "has fraudulently portrayed himself as Mr. Shatner's son for years" and the statement by Camuso, "It's all a big con game for fame so that's why we don't bother with Mr.

---

[2] Effectively, Plaintiff is attempting to use a defamation lawsuit to bring a paternity action and circumvent the laws sealing adoption records. *See e.g.* N.Y. Dom. Rel. Law § 114.

[3] It is not necessary to address whether Plaintiff is or is not a public figure for the purpose of dismissing these counts. It is worth noting, however, that Plaintiff brings this lawsuit as Peter Michael Sloan a/k/a Peter Shatner, "publicize[s] the fact that Defendant Shatner is his biological father," (Dkt. 9 ¶ 30), uses the stage name Peter Shatner, (Dkt. 9-1 at 3), hosts fundraisers as "'Peter Shatner, the son of William Shatner,'" (Dkt. 9-1 at 4), and acknowledges he has gotten recognition for claiming to be Shatner's son. Additionally, he hosted a radio show as "William Shatner's son,"(Dkt. 9-1 at 5), and started using the name Peter Shatner to promote himself in 2009.

Sloan."

A statement is "actionable *per se*, if, when considered alone without innuendo: (1) it charges that a person has committed an infamous crime; (2) it charges a person with having an infectious disease; (3) it tends to subject one to hatred, distrust, ridicule, contempt, or disgrace; or (4) it tends to injure one in his trade or profession." *Richard v. Gray*, 62 So. 2d 597, 598 (Fla. 1953). And, the statement must be false. *Lawnwood Med. Ctr., Inc. v. Sadow*, 43 So. 3d 710, 728 (Fla. 4th DCA 2010). Plaintiff's contention that these statements are defamatory *per se* is belied by his own allegations. As discussed *supra*, his factual allegations do not establish that the statement that he is not Shatner's son are untrue. Counts II and IV will therefore be dismissed.

### Count VI
### Defamation by Implication

In Count VI, Plaintiff asserts a claim for defamation by implication for statements Shatner made during the Calta interview. "The elements of defamation by implication are (1) a juxtaposition of a series of facts so as to imply a defamatory connection between them, or (2) the creation of a defamatory implication by omitting facts." *Klayman v. City Pages*, 650 F. App'x 744, 749 (11th Cir. 2016) (citing *see Rapp*, 997 So.2d at 1106). And, "defamation by implication applies in circumstances where literally true statements are conveyed in such a way as to create a false impression." *Rapp*, 997 So. 2d at 1108. Under this theory, therefore, Plaintiff must allege that the underlying statements are true. *Id.*; *see also Klayman v. City Pages*, No. 5:13-CV-143-OC-22PRL, 2014 WL 12621240, at *6 (M.D. Fla. July 9, 2014). Plaintiff, however, alleges that the statement was false, unsubstantiated, and fabricated. (Dkt. 9 ¶¶ 74, 76, 77, 78). And, at the risk of being repetitive, his allegations are contradictory. He fails to state a claim for defamation by implication and therefore

Count VI is due to be dismissed.

## Counts VII and VIII
## Tortious Interference with a Business Relationship

In Counts VII and VIII, Plaintiff asserts claims that Shatner interfered with his business relationships with IMDb and Twitter. In Florida, "the elements of tortious interference with a business relationship are: (1) the existence of a business relationship that affords the plaintiff existing or prospective legal rights; (2) the defendant's knowledge of the business relationship; (3) the defendant's intentional and unjustified interference with the relationship; and (4) damage to the plaintiff." *Int'l Sales & Serv., Inc. v. Austral Insulated Prod., Inc.*, 262 F.3d 1152, 1154 (11th Cir. 2001) (citing *Ethan Allen, Inc. v. Georgetown Manor, Inc.*, 647 So.2d 812, 814 (Fla.1994)). A business relationship generally requires "'an understanding between the parties [that] would have been completed had the defendant not interfered.'" *Id.* (citation omitted) (alteration in original).

Plaintiff alleges that he utilizes Twitter and IMDb to post and/or self-promote his work. His allegations are devoid of any facts that afforded him existing or prospective legal rights with Twitter or IMDB, or any understanding between himself and Twitter or IMDb that would have been completed but for Shatner's intentional interference. *Id.* Further, he fails to allege that Shatner, either individually or vicariously, intentionally interfered with the relationship through an e-mail to a reporter in Tampa, an internet post on Shatner's website, a Facebook post in Shatner's Facebook group, or through the Calta interview. *Id.* Because Plaintiff fails to state a claim for tortious interference, Counts VII and VIII will be dismissed.

In sum, Plaintiff fails to state any claim to establish personal jurisdiction over Shatner.[4] *See*

---

[4] It is unnecessary, therefore, to determine whether Shatner engaged in a business in Florida, or whether this action should be dismissed for forum *non conveniens*.

*Wendt*, 822 So.2d at 1260.

**III. Conclusion**

Accordingly, Shatner's Motion to Dismiss is **GRANTED**. Plaintiff is granted leave to file a Second Amended Complaint within **fourteen (14) days**, failing which this action will be dismissed without further notice.

**DONE AND ORDERED** this __3rd__ day of __August__, 2017.

_____
**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: Counsel of Record

8