UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.:  8:17-CV-00332- JDW-AAS

PETER MICHAEL SLOAN
a/k/a PETER SHATNER,

      Plaintiff

v.

WILLIAM SHATNER,

      Defendants.

_____/

## DEFENDANT WILLIAM SHATNER'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT AND INCORPORATED MEMORANDUM OF LAW

COMES NOW, the Defendant, William Shatner ("Mr. Shatner"), by and through his undersigned counsel, and hereby moves this Court pursuant to Rule 12(b)(2), 12(b)(5), 12(b)(6) and 12(b)(7)of the Federal Rule of Civil Procedure to dismiss the Second Amended Complaint filed by Plaintiff, Peter Michael Sloan ("Mr. Sloan"), and in support thereof, states as follows:

1.      The instant motion ("Motion") seeks dismissal of Mr. Sloan's Second Amended Complaint which was filed against Mr. Shatner on August 17, 2017 ("Amended Complaint"). [D.E. 34]. The Amended Complaint adds a few paragraphs which were not a part of his original Complaint or First Amended Complaint, but in all other respects is substantially the same. Lacking in facts needed to establish jurisdiction and failing to state a

cognizable cause of action, this Amended Complaint, like the previous complaints, should be dismissed.

2.      In this Motion, Mr. Shatner makes a limited appearance to quash service of process, contest jurisdiction and dismiss the Amended Complaint on the following grounds:

a.      The Amended Complaint fails to allege that Mr. Shatner has sufficient contacts with the State of Florida to justify this Court's exercise of personal jurisdiction over him, pursuant to either Florida's long-arm statute articulated in Florida Statute § 48.193 or the Due Process Clause of the United States Constitution, and therefore the Amended Complaint filed against him should be dismissed pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure.

b.      The Summons and original Complaint were not properly served on Mr. Shatner, therefore the Amended Complaint should be dismissed pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure.

c.      The Amended Complaint should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure because he fails to state a claim upon which relief can be granted.

d.      The Amended Complaint does not allege the elements necessary to state a claim of action against Mr. Shatner and should be dismissed pursuant to Rule 12(b)(6).

e.      The Amended Complaint was improperly filed in the State of Florida and should be dismissed on *forum non conveniens* grounds.

CASE NO.: 8:17-CV-00332-JDW-AAS

f.    The Amended Complaint does not join certain indispensable parties and should be dismissed pursuant to Rule 12(b)(7).

WHEREFORE, Mr. Shatner respectfully requests this Court to dismiss the Amended Complaint against him without leave to amend, and for any and all other relief deemed just and proper by this Court.

## I.    ARGUMENT AND MEMORANDUM OF LAW

### A.    This Court Lacks Personal Jurisdiction Over Mr. Shatner

"A federal court sitting in diversity undertakes a two-step inquiry in determining whether personal jurisdiction exists: the exercise of jurisdiction must (1) be appropriate under the state long-arm statute and (2) not violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution." *United Technologies Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009).

It is Mr. Sloan's burden to "[establish] a prima facie case of personal jurisdiction." *Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino*, 447 F.3d 1357, 1360 (11th Cir. 2006); *see also*, *United Techs. Corp.* at 1274; *see also*, *Meier ex rel. Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1268–69 (11th Cir.2002); *see also*, *Future Tech Today, Inc. v. OSF Healthcare Systems*, 218 F.3d 1247, 1249 (11th Cir. 2000). Even if such a prima facie case is made, "[w]here, as here, defendant submits affidavits contrary to the allegations in the complaint, the burden shifts back to the plaintiff to produce evidence supporting jurisdiction." *Stubbs* at 1360; *see also*, *United Techs. Corp.* at 1274; *see also*, *Meier* at 1269; *see also*, *Poliski Linie Oceaniczne v. Seasafe Transp. A/S*, 795 F.2d 968, 972 (11th Cir. 1986). Where, as here, a defendant challenges personal jurisdiction, the plaintiff bears the burden to

substantiate his or her allegations of jurisdiction with actual proof. *See*, *Future Tech Today, Inc.* at 1249.

Mr. Sloan has not alleged sufficient facts within his Amended Complaint to establish a basis for this Court to exercise personal jurisdiction over Mr. Shatner.  He has failed to satisfy his burden of showing why application of Florida's long arm statute to Mr. Shatner would be appropriate, or that the exercise of jurisdiction over Mr. Shatner does not violate the Fourteenth Amendment. On the other hand, Mr. Shatner has submitted an affidavit articulating the factual basis regarding why this Court does not have personal jurisdiction over him. [Exhibit 1 of this Motion]. In so doing, Mr. Shatner has conclusively refuted any reason why Florida's long-arm statute would apply to him and has established reasons why his Fourteenth Amendment rights under the United States Constitution would be violated if this Court were to exercise personal jurisdiction over him. For these reasons, this Court lacks personal jurisdiction over Mr. Shatner and this Amended Complaint should be dismissed.

1.  <u>This Court Lacks Personal Jurisdiction Over Mr. Shatner Under Florida's Long-Arm Statute</u>

Florida's long-arm statute is set forth within Florida Statute § 48.193.  Since Florida's long-arm statute is governed by State law, federal courts are required to construe it as the Florida Supreme Court would.  *See*, *Cable/Home Communication v. Network Prods.*, 902 F.2d 829, 856 (11th Cir. 1990) (citation omitted). Florida courts have held that "Florida's long-arm statute is to be strictly construed." *Sculptchair Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 627 (11th Cir. 1996); *see also*, *Oriental Imports and Exports, Inc. v. Maduro & Curiel's Bank, N.V.*, 701 F.2d 889, 891 (11th Cir. 1983). The Eleventh Circuit has recognized that the analysis under Florida's long-arm statute is more rigorous than the minimum contacts

analysis under the Due Process Clause because the long-arm provision "requires more activities or contacts to confer personal jurisdiction than those demanded by the Constitution." *Williams Elec. Co. v. Honeywell, Inc.*, 854 F.2d 389, 394 (11th Cir. 1988). Moreover, "[a] plaintiff seeking to subject a nonresident defendant to jurisdiction of the court through the long-arm statute must do more than allege facts that show a possibility of jurisdiction." *Jet Charter Service, Inc. v. Koeck*, 907 F.2d 1110, 1112 (11th Cir. 1990).

The Amended Complaint fails to allege specific facts that show that jurisdiction is proper. While the Amended Complaint references Florida Statute §§ 48.193(1)(a) and 48.193(1)(b), the references to these provisions are vague and the reference to Florida Statute § 48.193(1)(b) is misplaced as it is directed at the "commi[ssion of] unlawful and/or tortious acts within this state." [¶7-8 of D.E. 34]. As such, the Amended Complaint's only references to Florida's long-arm statute are pulled directly from Florida Statute §§ 48.193(1)(a)1 and 48.193(1)(a)2. But as discussed below, jurisdiction is not proper under these provisions. Florida Statute § 48.193(1)(a) states:

> A person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself and, if he or she is a natural person, his or her personal representative to the jurisdiction of the courts of this state for any cause of action arising from any of the following acts:
>
> 1.  Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state.
> 2.  Committing a tortious act within this state.

While the Amended Complaint makes only self-serving references to Mr. Shatner's alleged contacts with the State of Florida: the first about his alleged "substantial and not isolated activity", the second about his alleged "business within this jurisdiction," the third

about his alleged "commission of acts … within this judicial district" and the fourth to his alleged "minimum contacts within the State of Florida through the use [of] radio, newspapers, the internet and/or attending Comic Conventions." [¶9-11 and ¶13 of D.E. 34]. However, the Amended Complaint fails to state how these alleged contacts are connected to either the alleged newspaper article of May 8, 2015, the alleged web thread of May 2015, or the alleged radio interview of January 7, 2016. Furthermore, these general allegations are refuted by Mr. Shatner in his Affidavit. [Exhibit 1 to this Motion]. Mr. Shatner does not regularly conduct business in the State of Florida, he did not make any appearances within the State of Florida in May of 2015 or January of 2016, and he was not paid for any appearances within the State of Florida during those months. [¶5-7 of Exhibit 1 to this Motion].

Florida courts have recognized that Florida Statute § 48.193(1)(a)1 applies only where the defendant has engaged in a "general course of business activity in the State for pecuniary benefit." *Future Tech. Today, Inc.* at 1249; *see also*, *Sculptchair* at 627. In determining whether a defendant is conducting business in Florida for purposes of jurisdiction under Florida Statute § 48.193(1)(a)1, courts consider factors including "the presence and operation of an office in Florida, the possession and maintenance of a license to do business in Florida, the number of Florida clients served, and the percentage of overall revenue gleaned from Florida clients." *Horizon Aggressive Growth, L.P. v. Rothstein-Kass, P.A.*, 421 F.3d 1162, 1167 (11th Cir. 2005) (citations omitted). Mr. Shatner does not regularly, continuously or systematically conduct business within the State of Florida; he does not maintain a business office within the State of Florida; he does not maintain any business licenses in Florida; he does not serve any clients in Florida; he does not have any

bank accounts, telephone listings, mailing addresses, permanent employees, representatives or agents within the State of Florida. [¶ 4-5 of Exhibit 1 to this Motion]. As such, this Court does not have personal jurisdiction over Mr. Shatner under Florida Statute § 48.193(1)(a)1.

Federal District Courts have helped define the term "business activity" within the State of Florida. For instance, "two meetings in Florida for the purpose of negotiating an agreement that was ultimately executed outside Florida and email communication into Florida cannot be found to constitute a general course of business activity in Florida for pecuniary benefit." *Bernardele v. Bonorino*, 608 F. Supp. 2d 1313, 1322 (S.D. Fla. 2009). Similarly, telephone calls into the State of Florida are insufficient to confer jurisdiction. *See id.* at 1322-1323 (*citing*, *Sculptchair* at 628); *see also*, *Musiker v. Projectavision, Inc.*, 960 F. Supp. 292 (S.D. Fla. 1997); *see also*, *Intercontinental Corp. v. Orlando Regional Med. Ctr.*, 586 So.2d 1191, 1195 (Fla. 5th DCA 1991); *see also, Mold–Ex, Inc. v. Mich. Technical Representatives, Inc.*, 2005 WL 2416824 (N.D.Fla. Sep. 30, 2005). Likewise, courts have found that where information is posted on the web and services are not purchased, the webs accessibility within Florida is not enough for the courts to exercise personal jurisdiction over a defendant. *See*, *Vax-D Med. Technologies, LLC v. Allied Health Mgmt., Ltd.*, 8:04-CV-1617-T-26, 2006 WL 680659 (M.D. Fla. Mar. 14, 2006); *see also*, *Miami Breakers Soccer Club, Inc. v. Women's United Soccer Assoc.*, 140 F.Supp.2d 1325, 1329 (S.D.Fla.2001).

Similarly, Federal Courts have helped articulate when a plaintiff has met his burden under Florida's long-arm statute with respect to committing torts within the State of Florida. Where a plaintiff does not specifically allege that a defendant published defamatory remarks to any third party and further circulated them within the State of Florida, Florida courts do

not have personal jurisdiction over the nonresident defendant. *See*, *Kelly v. Kelly*, 911 F. Supp. 518, 522 (M.D. Fla. 1995).

The only actions Mr. Shatner is alleged to have taken within the Amended Complaint are in connection with i) a November 1984 meeting with Mr. Sloan, and ii) a January 7, 2016 radio interview. [¶24-25, ¶63-64 and ¶72-73of D.E. 34]. Mr. Sloan fails to allege where this meeting occurring 30 years ago took place, thus failing to establish any connection with the State of Florida. Furthermore, the Amended Complaint fails to allege that Mr. Shatner was within the State of Florida during the January 7, 2016 radio interview. In fact, Mr. Shatner was not interviewed on January 7, 2016 but was in the State of California when he conducted a telephonic interview with Mike Calta on January 6, 2016. [¶8 of Exhibit 1 to this Motion]. Furthermore, the alleged radio interview transcript within the Amended Complaint does not mention Mr. Sloan by name, does not reference Mr. Sloan with any degree of specificity, and does not allege any type of business solicitation or engagement within the State of Florida by Mr. Shatner. What's more, the Amended Complaint fails to allege where Mike Calta interviewed Mr. Shatner but does allege that the unaffiliated, third party radio station WHPT published the alleged statements made by Mr. Shatner.[1] [¶63, ¶66 and ¶75 of D.E. 34]. As such, this Court does not have personal jurisdiction over Mr. Shatner under Florida Statute § 48.193(1)(a).

Mr. Sloan similarly fails to establish personal jurisdiction over Mr. Shatner as a result of the alleged actions of Cherry Hepburn ("Ms. Hepburn"). The only action alleged within

---

[1] The Amended Complaint states that the radio show was broadcast from Sarasota, Florida, it does not specify that any the interview took place in Florida. [¶63 of D.E. 34].

the Amended Complaint which are attributed to Ms. Hepburn is an e-mail sent from the State of California to the *Tampa Tribune* on May 8, 2015. [¶34 and ¶41 of D.E. 34]. This statement does not mention Mr. Sloan by name and does not reference Mr. Sloan with any degree of specificity. Although Mr. Shatner denies any responsibility for the alleged e-mail, this statement is not alleged to have been made in connection with any business solicitation or engagement within the State of Florida. Instead, the article is a business promotion both for the Benz Model and Talent Agency and its signing of Mr. Sloan. [p.2-3 and p.6 of D.E. 34-3]. As stated in his Affidavit, Mr. Shatner denies any business solicitation or engagement within the State of Florida during the month of May 2015. [¶6 of Exhibit 1 to this Motion]. What's more, the Amended Complaint fails to allege that any statements made by Ms. Hepburn were published within the State of Florida, but does allege that the unaffiliated, third party Tampa Tribune published the alleged statements made by Ms. Hepburn.[2] [¶38 and ¶43 of D.E. 34]. As such, the alleged e-mail does not grant this Court personal jurisdiction over Mr. Shatner in the State of Florida pursuant to Florida Statute § 48.193(1)(a).

Likewise, Mr. Sloan fails to establish personal jurisdiction over Mr. Shatner as a result of the alleged actions of Paul Camuso ("Mr. Camuso"). The only actions attributed within the Amended Complaint to Mr. Camuso are in connection to statements made by him in a web thread: i) on Mr. Shatner's website in May of 2015, and ii) on the Facebook website on May 7 or 8, 2015. [¶50-51 and ¶58 to D.E. 34]. The Amended Complaint fails to allege that

---

[2] Although the Amended Complaint states that the e-mail was sent to the *Tampa Tribune*, it does not specify where the e-mail was stored or read. [¶35 of D.E. 34]. Count II does not re-allege any of the paragraphs of Count I, and although it does mention that publication was done through the "newspaper and online," it does not allege where said web based article was distributed or accessible from. Furthermore, these allegations do not specify that any publication was done with either Mr. Shatner's or Ms. Hepburn's permission.

Mr. Camuso was within the State of Florida when the statements were made, that the statements were even directed to individuals within the State or Florida, or that said statement were in any way connected to the solicitation of any business within the State of Florida.[3] Mr. Shatner denies any responsibility for alleged thread and any business solicitation or engagement within the State of Florida during the month of May 2015. [¶6 of Exhibit 1 to this Motion]. As such, the alleged statements do not grant this Court personal jurisdiction over Mr. Shatner in the State of Florida pursuant to Florida Statute § 48.193(1)(a).

In summary, Mr. Sloan has not alleged facts sufficient to satisfy Florida's long-arm statute, thus the Amended Complaint should be dismissed.

2.       This Court Lacks Personal Jurisdiction Over Mr. Shatner Under The Due Process Clause

While the Court does not need to look beyond Florida's long-arm statute, the Due Process Clause of the Fourteenth Amendment provides further justification to dismiss any claims the Amended Complaint alleges against Mr. Shatner. "The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful 'contacts, ties, or relations.'" *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471-72 (1985). Due process requires two elements be established: (1) the defendant must have certain "minimum contacts" with the forum state; and (2) the maintenance of the suit must not offend "traditional notions of fair play and substantial justice." *Int'l Shoe Co. Co. v. Washington*, 326 U.S. 310, 316 (1945); *see also*, *Francosteel Corp. v. M/V Charm*, 19 F.3d 624, 627 (11th Cir. 1994). Federal courts

---

[3] The Amended Complaint only states that Mr. Camuso's alleged statements were made on both the William Shatner website and the Official William Shatner Facebook Group. [¶50-51 and ¶58 D.E. 34].

distinguish between two types of personal jurisdiction that depend upon the degree of the defendant's contacts with the state - "general jurisdiction" and "specific jurisdiction." *Madara v. Hall*, 916 F.2d 1510, 1516 n.7 (11th Cir. 1990).

General jurisdiction lies where a defendant has "continuous and systematic" contacts with a State. *See, Fraser v. Smith*, 594 F.3d 842, 846 (11th Cir. 2010)(*citing*, *Helicopteros Nacionales de Colombia S.A. v. Hall*, 466 U.S. 408, 416 (1984)). Factors that weigh against general jurisdiction include a lack of business or a business license in the forum, *Helicopteros Nacionales de Colombia, S.A.*, at 416, a lack of property ownership in the forum, *Nat'l Enquirer, Inc. v. News Group News, Ltd.*, 670 F. Supp. 962, 966-67 (S.D. Fla. 1987), or a lack of any bank accounts, telephone listings, or mailing addresses in the forum. *Id*. General jurisdiction does not arise because a party maintains a website or otherwise offers information nationwide. *See*, *Instabook Corp. v. Instapublisher.com*, 469 F. Supp.2d 1120, 1125 (M.D.Fla.2006); *see also*, *Miller v. Berman,* 289 F.Supp.2d 1327, 1336 (M.D.Fla.2003).

This Court lacks general jurisdiction over Mr. Shatner. The Amended Complaint fails to plead that Mr. Shatner had any meaningful contacts, ties or relations with the State of Florida, beyond certain self-serving statements. [¶13 of D.E. 34]. The Amended Complaint also fails to plead that Mr. Shatner had any continuous or systematic contact with the State of Florida, or that Mr. Shatner established any business, property ownership, bank account, telephone number, or mailing address within the State of Florida, beyond certain self-serving statements. [¶7, ¶9, and ¶10 of D.E. 34].   Furthermore, Mr. Shatner does not regularly, continuously, or systematically conduct any business within the State of Florida. [¶4-5 of Exhibit 1 to this Motion]. Nor does Mr. Shatner maintain any business offices, employees,

bank accounts, telephone numbers, or mailing addresses within the State of Florida. [¶4 of Exhibit 1 to this Motion]. Lastly, Mr. Shatner does not own any property within the State of Florida. [¶4 of Exhibit 1 to this Motion]. For these reasons, this Court lacks general jurisdiction over Mr. Shatner and should dismiss the Amended Complaint against him.

The Eleventh Circuit's three-part test for determining whether minimum contacts are sufficient to support the existence of specific personal jurisdiction is as follows: (1) the defendant's contacts with the State of Florida must involve some act by which the defendant purposefully avails itself of the privilege of conducting activities within the State; (2) the defendant's contacts with the State of Florida must give rise to the plaintiff's cause of action; and (3) the defendant's contacts with the State of Florida must be such that the defendant should reasonably anticipate being haled into court there. *See, Future Tech. Today*, *Inc.* at 1250-51; *see also*, *Miami Breakers Soccer Club* at 1330; *see also*, *Francosteel Corp.* at 627; *see also, Vermeulen v. Renault U.S.A., Inc.*, 985 F.2d 1534, 1546 (11th Cir. 1993). "The touchstone of sufficient contacts is that the defendant 'purposefully directed' its activities at residents of the forum-state." *JB Oxford Holdings, Inc. v. Net Trade, Inc.*, 76 F. Supp. 2d 1363, 1366 (M.D. Fla. 1999); *see also*, *Burger King Corp.* at 473-74; *see also*, *Response Reward Sys., L.C. v. Meijer, Inc.*, 189 F. Supp. 2d 1332, 1338 (M.D. Fla. 2002) (finding no specific personal jurisdiction because the defendant's activities could not be considered to be "purposefully directed to the State of Florida").

As discussed above, the Amended Complaint only generally alleges that Mr. Shatner "operated, conducted, engaged in, or carried on a business" in the State of Florida and "maintained minimum contacts … through the use of radio, newspapers, the internet and/or

attending Comic Conventions." [¶7 and ¶13 of D.E. 34]. However, Mr. Shatner has specifically refuted these allegations. [¶4-8 Exhibit 1 to this Motion]. The Amended Complaint fails to identify how Mr. Shatner maintained specific contacts with the State of Florida and fails to allege how any claims against him arise out of any such contacts. *See*, *Fraser* at 850 ("[A] fundamental element of the specific jurisdiction calculus is that plaintiff's claim must 'arise out of or relate to' at least one of defendant's contacts with the forum.") (citation omitted). Furthermore, Mr. Shatner did nothing to avail himself of the privilege of conducting activities within the State of Florida and could not reasonably anticipate being haled into this Court. [¶5-8 of Exhibit 1 to this Motion]. Mr. Shatner denies directing, consenting or giving permission to either Ms. Hepburn or Mr. Camuso to make any alleged statements or that he had any knowledge of their alleged statements, he also denies any business solicitation or engagement within the State of Florida during the month of May 2015. [¶6 of Exhibit 1 to this Motion]. For these reasons, this Court lacks specific personal jurisdiction over Mr. Shatner.

In short, the Amended Complaint has not alleged any facts sufficient to satisfy the Due Process Clause and should be dismissed.

### B.    Service On Mr. Shatner Is Void

Florida's service of process statute is set forth within Florida Statute § 48.194. Since Florida's service of process statute is governed by State law, federal courts are required to construe it as the Florida Supreme Court would. *See*, *Cable/Home Communication* at 856. Where the complaint fails to "adequately allege a basis for long arm jurisdiction under [Florida Statute §] 48.193, voids any service of process made pursuant to [Florida Statute §]

CASE NO.: 8:17-CV-00332-JDW-AAS

48.194." *Wynn v. Aetna Life Ins. Co.*, 400 So.2d 144, 146 (Fla. 1st DCA 1981). As argued

above, Florida's long-arm statute does not reach Mr. Shatner. As such, the Summons and

Complaint which were allegedly served on Mr. Shatner are void. Therefore the Amended

Complaint should be dismissed against Mr. Shatner pursuant to Rule 12(b)(5) of the Federal

Rules of Civil Procedure.

**C.    The Amended Complaint Does Not State A Claim For Which Relief May Be Granted Or The Elements Necessary To State A Claim**

While courts must accept the complaint's allegations as true in deciding a motion to

dismiss under Federal Rule of Civil Procedure 12(b)(6), dismissal is appropriate if the

plaintiff does not plead "enough facts to state a claim to relief that is plausible on its face."

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007). Furthermore, *Bell Atl. Corp.* requires

that a plaintiff allege "more than labels and conclusions, and a formulaic recitation of the

elements of a cause of action." *Id.* at 555. At present, the Amended Complaint does not state

a claim because the Amended Complaint does not allege all of the elements necessary to

formulate any cause of action.

Although the Amended Complaint titles Counts I through VI with the terms

"defamation," "libel," and "slander," the Amended Complaint fails to allege the elements

necessary to support such causes of action against Mr. Shatner. "Under Florida law,

defamation consists of two separate causes of action: libel and slander." *Armiger v. S. Trail

Fire Prot. & Rescue Serv.* Dist., No. 2:13-CV-825-FTM-38CM, 2014 WL 4402073, at *9

(M.D. Fla. Sept. 4, 2014). Libel is defamation in print form. *See*, *id.* (*citing*, *Cooper v. Miami

Herald Pub. Co.*, 159 Fla. 296, 31 So.2d 382, 384 (Fla.1974)). "Slander is a spoken or oral

defamation of another which is published to others and which tends to damage that person's

14

reputation, ability to conduct that person's business or profession, and which holds that person up to disgrace and humiliation." *Id*. (*citing*, *Scott v. Busch*, 907 So.2d 662, 666 (Fla. 5th DCA 2005)). The elements necessary to bring forth either action for defamation require: "(1) publication; (2) falsity; (3) actor must act with knowledge or reckless disregard as to the falsity on a matter concerning a public official, or at least negligently on a matter concerning a private person; (4) actual damages; and (5) statement must be defamatory." *Id*. (*citing*, *Jews for Jesus, Inc. v. Rapp*, 997 So.2d 1098, 1106 (Fla.2008)).

    1)  Mr. Shatner's Alleged Statements Are Not Defamatory

The Amended Complaint alleges that on or about January 7, 2016 Mr. Shatner made one spoken statement in a radio interview. [¶65-66 and ¶74-75 of D.E. 34]. As discussed above, the alleged radio interview fails to reference Mr. Sloan either by name or with any degree of specificity or with his permission, thus the Amended Complaint has failed to establish that any statement by Mr. Shatner was published in connection with Mr. Sloan. Furthermore, the statements made by Mr. Shatner were truthful. Mr. Sloan admits that he does not know the identity of his biological father and in doing so extinguishes any claim for falsity.[4] [¶17-19 of D.E. 34, ¶2 of D.E. 34-1, and p.3-4 and 6-7 of D.E. 34-3]. These admissions fail to establish that any statements made by Mr. Shatner were false. Mr. Shatner's comments were polite, courteous and a good faith response to a matter of public interest. [¶66 of D.E. 34].

---

[4] Mr. Sloan attaches a "Declaration" that along with the allegations within the Amended Complaint and its Exhibits affirms and acknowledges the fact that 1) he is adopted, 2) he does not know who his biological parents are, and 3) he does not know who his biological father is. Furthermore, Mr. Sloan's "Declaration" is not a sworn statement as it is not notarized or witnessed by any recognized authority. [D.E. 34-1].

The Amended Complaint identifies Mr. Sloan as a public figure: an author, producer, and radio personality. [¶45, ¶47-48, ¶60, ¶62-63 of D.E. 34, and p.2, 5 and 9 of D.E. 34-3]. Mr. Sloan publicizes himself and hosts events as the son of Mr. Shatner. [p.2, 5 and 9 of D.E. 34-3]. In addition, he has voluntarily injected himself into a public debate regarding his biological relationship with Mr. Shatner which is of public interest. *Little v. Breland* 93 F.3d 755, 757 (11th Cir. 1996); *citing*, *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 343 (1974). However, as a public figure, Mr. Sloan has failed to "demonstrate 'actual malice' by clear and convincing evidence" in his Amended Complaint, thus it should be dismissed. *Tobinick v. Novella*, 108 F. Supp. 3d 1299, 1309 (S.D. Fla. 2015); *citing*, *Hoffman v. Capital Cities/ABC, Inc.*, 255 F.3d 1180, 1186–87 (9th Cir.2001).

What's more is that Mr. Shatner's statements do not rise to the level of defamation, slander or defamation by implication as established by Florida law. Defamatory language *per se* includes language charging a person with a crime or subjecting him to hatred, distrust, ridicule, contempt, or disgrace or injuring people in their trade or profession. *See*, *Armiger* at *9 (*citing*, *Scobie v. Taylor*, 2013 WL 3776270, at *2 (S.D.Fla. July 17, 2013) (*citing*, *Rubin v. U.S. New & World Report, Inc.*, 271 F.3d 1305 (11th Cir. 2001)); *see also*, *Richard v. Gray*, 62 So.2d 597, 598 (Fla. 1953). Defamatory language also includes language that injures "a person in [his] office, occupation, business, or employment and which in natural and proximate consequence will necessarily cause injury." *Id*. (*citing*, *Scobie* at *2) (*quoting*, *Metropolis Co. v. Crosadell*, 145 Fla. 455, 199 So. 568, 569 (Fla.1941)). "A defamation suit may be dismissed for failure to state a claim where the plaintiff has not pled facts sufficient to give rise to a reasonable inference of actual malice." *Michel v. NYP Holdings, Inc.*, 816

F.3d 686, 702 (11th Cir. 2016). "A communication made in good faith on any subject matter by one having an interest therein … is privileged if made to a person having a corresponding interest ... even though it contains matter which would otherwise be actionable." *Nodar v. Galbreath*, 462 So. 2d 803, 809 (Fla. 1984). And a statement can only be defamation *per se* if the statement is false or defamation by implication if the statement gives a false impression. *See*, *Lawnwood Med. Ctr., Inc. v. Sadow*, 43 So.3d 710, 728 (Fla. 4th DCA 2010); *see also*, *Jews for Jesus, Inc.* at 1106. Mr. Shatner's alleged statements satisfy none of these elements.

The Amended Complaint fails to specifically allege how Mr. Shatner's statements directly charged Mr. Sloan of a crime, subject him to hatred, distrust, ridicule, contempt, or disgrace or even damage Mr. Sloan's reputation, hindered his ability to conduct business, or caused him disgrace or humiliation. This is because no reasonable person would consider these statements to be defamatory. Instead the Amended Complaint concludes that these statements were slander *per se* and somehow implies that Mr. Sloan has a psychological disorder. [¶71 and ¶75-76 of D.E. 34]. No reasonable person could infer anything slanderous from generic statements about a generic individual. Perhaps most importantly, any statements made by Mr. Shatner were not defamatory because they were statements of his opinion and protected by his constitutional privilege. *See*, *Colodny v. Iverson, Yoakum, Papiano & Hatch*, 936 F. Supp. 917, 923 (M.D. Fla. 1996). In addition, these statements were fair comments to matters which were initiated by Mr. Sloan and protected by Mr. Shatner's qualified privilege. *See*, *id.* at 927.

For the reasons stated above, Counts V and VI of the Amended Complaint should be dismissed for failing to sufficiently allege the elements of defamation, slander, slander *per se,* or defamation by implication.

2) Ms. Hepburn's Alleged Statements Are Not Defamatory

The Amended Complaint does not sufficiently plead a cause of action for defamation, libel, libel *per se* or defamation *per se* with respect to the statements attributed to Ms. Hepburn. [¶35, ¶43-44 of D.E. 34].[5]

Like Mr. Shatner, Ms. Hepburn's alleged statements in May of 2015 did not reference Mr. Sloan either by name or with any degree of specificity or, *in arguendo*, published with her permission, thus the Amended Complaint is absent publication against Mr. Sloan. While truthful, her statements were allegedly made on behalf of Mr. Shatner and in response to a matter of public interest. [¶35, ¶37-40, ¶43 of D.E. 34 and p. 3 of D.E. 34-3]. As such, her statements were protected by a qualified privilege under *Colodny* as fair comments to matters which were initiated by Mr. Sloan. But, as discussed above, the Amended Complaint does not plead any clear or convincing evidence that Ms. Hepburn made these statements with actual malice, as required by *Tobinick*.

None of Ms. Hepburn's statements rises to the level of defamation. The Amended Complaint fails to allege how these statements directly charged Mr. Sloan of a crime, subject him to hatred, distrust, ridicule, contempt, or disgrace or even damage Mr. Sloan's reputation, hindered his ability to conduct business, or caused him disgrace or humiliation. No reasonable

---

[5] It should be noted that although Plaintiff alleges vicarious liability on the party of Mr. Shatner for the statements allegedly made by Ms. Hepburn, Plaintiff does not re-allege any of the paragraphs in Count I or Count II. Similarly, Plaintiff does not re-allege any of the paragraphs in Count I within Count II.

person could infer anything defamatory from generic statements about a generic individual, even if that statement uses the term "fraudulent" because it was not in relationship to an actual crime.

For the reasons stated above, Counts I and II of the Amended Complaint should be dismissed for failing to sufficiently allege the elements of defamation, libel, libel *per se* or defamation *per se.*

3) Mr. Camuso's Alleged Statements Are Not Defamatory

The Amended Complaint does not sufficiently plead a cause of action for defamation, libel, libel *per se* or liber *per se*. [¶51-52 and ¶59 of D.E. 34].

Mr. Camuso's alleged statements in May of 2015 were truthful. In particular, the Amended Complaint does not establish any facts to contradict the statements that Mr. Sloan's "The Search" is full of holes, that his story has changed, or that his billboard photograph was not authentic. Furthermore, Mr. Camuso allegedly made these statements on behalf of Mr. Shatner and in response to a matter of public interest. [¶50-51 and ¶59 of D.E. 34 and p. 6-7 of D.E. 34-4].  As such, his alleged statements were protected by a qualified privilege under *Colodny* as fair comments to matters which were initiated by Mr. Sloan. But, as discussed above, the Amended Complaint does not plead any clear or convincing evidence that Mr. Camuso made these statements with actual malice, as required by *Tobinick*.

None of Mr. Camuso's statements rises to the level of defamation. The Amended Complaint fails to allege how these statements directly charged Mr. Sloan of a crime, subject him to hatred, distrust, ridicule, contempt, or disgrace or even damage Mr. Sloan's reputation, hindered his ability to conduct business, or caused him disgrace or humiliation. No reasonable

person could infer anything defamatory from these statements, even if the term "con" was used, because it was not used in connection with an actual crime.

For the reasons stated above, Counts III and IV of the Amended Complaint should be dismissed for failing to sufficiently allege the elements of defamation, libel, libel *per se* or defamation *per se.*

The allegations within the Amended Complaint associated with either Mr. Shatner, Ms. Hepburn or Mr. Camuso do not support Mr. Sloan's claim that Mr. Shatner is his biological father because Mr. Sloan was adopted and does not know the true identity of his parents. Furthermore, the lack of evidence pled within the Amended Complaint does not meet the clear and convincing standard for actual malice by any of the individuals mentioned, as required by *Michel*. Most importantly, the Amended Complaint fails to draw a causal connection between the statements made by either Mr. Shatner, Ms. Hepburn or Mr. Camuso and any damage allegedly suffered by Mr. Sloan. For these reasons, Counts I, II, III, IV, V, VI and VII of the Amended Complaint fail to allege a claim for defamation, defamation *per se*, defamation by implication, slander, slander *per se*, libel or libel *per se* and should be dismissed.

### D.     The Amended Complaint Should Be Dismissed For *Forum Non Conveniens*

This Court may also dismiss based on *forum non conveniens* grounds. *See*, *Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 425 (2007)). "The factors a district court must consider before granting a *forum non conveniens* dismissal are whether an adequate alternative forum is available, whether the public and private factors weigh in favor of dismissal, and whether the plaintiffs can reinstate their suit in the alternative forum without

undue inconvenience or prejudice." *Galbert v. West Caribbean Airways*, 715 F.3d 1290, 1295 (11th Cir. 2013). Each of these factors favor a forum within the State of California.

> 1.    California Is An Adequate And Available Alternative Forum

"The first prong of the *forum non conveniens* inquiry simply asks whether the alternative forum is 'adequate' and 'available.'" *Aldana v. Del Monte Fresh Produce N.A., Inc.*, 578 F.3d 1283, 1290 (11th Cir. 2009) (citation omitted). "[A]vailability and adequacy are separate issues." *Id.* "[T]o be available, the foreign court must be able to 'assert jurisdiction over the litigation.'" *Id.* The actions alleged against Mr. Shatner and Ms. Hepburn all took place in the State of California. Furthermore, Mr. Shatner, Ms. Hepburn and Mr. Camuso are all domiciled and residing in the State of California. Therefore, the courts within the State of California would have jurisdiction over this litigation and are an available alternative forum.

As for adequacy, "…it is only in 'rare circumstances' where 'the remedy offered by the other forum is clearly unsatisfactory,' that the alternative forum may be regarded as inadequate." *Id.* (*citing*, *Satz v. McDonnell Douglas Corp.*, 244 F.3d 1279, 1283 (11th Cir. 2001)). An adequate alternative forum is "generally … satisfied when the defendant is amenable to process in the other jurisdiction." *Id*. To the extent the Amended Complaint alleges any causes of action, Mr. Sloan would have access to file similar causes of action in the State of California and request similar forms of relief. Moreover, Mr. Shatner, without waiving his objections to proper service detailed above, is amenable to an action being brought in the State of California. Therefore, the courts within the State of California are an adequate alternative forum.

> 2.    The Private Interest Factors Favor California

"Pertinent private interests of the litigants include the relative ease of access to evidence in the competing fora, availability of witnesses and compulsory process over them, the cost of obtaining evidence, and the enforceability of a judgment." *Aldana*, 578 F.3d at 1292. Courts consider "practical problems that make trial of a case easy, expeditious and inexpensive." *Id.*

The private interest factors favor courts within the State of California. As stated above, Mr. Shatner, Ms. Hepburn and Mr. Camuso are domiciled and reside within the State of California, and all alleged actions were performed in the State of California. To the extent the Amended Complaint is silent regarding the location of certain allegations, Mr. Sloan should not benefit from his failure to comply with the Federal Rules of Civil Procedure. The central issue is convenience and a dismissal is justified on the basis of *forum non conveniens* "where trial in the plaintiff's chosen forum imposes a heavy burden on the defendant or the court, and where the plaintiff is unable to offer any specific reasons of convenience supporting his choice." *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 249 (1981). Accordingly, the private interest factors favor a forum within the State of California.

     3.     <u>The Public Interest Factors Favor California</u>

While public interest factors need not be considered when the private interests clearly favor another forum, public interest factors include the administrative burdens placed on the courts. *King v. Cessna Aircraft Co.*, 562 F.3d 1374, 1384 (11th Cir. 2009). The Court's administrative burdens discussed above are significant. The public interest factors also clearly favor a forum within the State of California.

     4.     <u>Mr. Sloan Can Reinstate His Lawsuit In California</u>

Here, there is no barrier to Mr. Sloan in reinstating his lawsuit in the State of California if he so desires. Accordingly, this Court should dismiss the Amended Complaint on *forum non conveniens* grounds.

### E.    Ms. Hepburn And Mr. Camuso Are Indispensable Parties To This Action

Under Federal Rule of Civil Procedure 19, "a party is considered "necessary" to the action if the court determines either that complete relief cannot be granted with the present parties or that the absent party has an interest in the disposition of the current proceedings."

*See*, *Laker Airways, Inc. v. British Airways, PLC*, 182 F.3d 843, 847 (11th Cir. 1999).

> First, the court must ascertain under the standards of Rule 19(a) whether the person in question is one who should be joined if feasible. If the person should be joined but cannot be … then the court must inquire whether, applying the factors enumerated in Rule 19(b), the litigation may continue. *Challenge Homes, Inc. v. Greater Naples Care Center, Inc.,* 669 F.2d 667, 669 (11th Cir. 1982).

Here, Ms. Hepburn and Mr. Camuso cannot be joined because they have been dismissed by this Court.  [D.E. 29].  Accordingly, the Court must consider the factors in Rule 19(b).  Rule 19(b) provides:

> If a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the parties or should be dismissed. The factors for the court to consider include:
>
> (1) the extent a judgment rendered in the person's absence might prejudice that person or the existing parties;
>
> (2) the extent to which any prejudice could be lessened or avoided by;
>
>     (A) protective provisions in the judgement;
>     (B) shaping the relief; or
>     (C) other measures;
>
> (3) whether a judgment rendered in the person's absence will be adequate; and

(4) whether the plaintiff will have an adequate remedy if the action were dismissed for nonjoinder.

Here, Ms. Hepburn and Mr. Camuso are indispensable parties. Mr. Sloan argues that Ms. Hepburn, Mr. Camuso and Mr. Shatner together and through a series of statements defamed Mr. Sloan. [¶12, ¶35-40, ¶43, ¶51-55, ¶58, and ¶82-85 of D.E. 34]. As such, a judgment rendered in the absence of Ms. Hepburn and Mr. Camuso would be prejudicial to Mr. Shatner. In *Laker Airways, Inc.*, the court found that dismissal for failure to join an indispensable party was warranted when the plaintiff had to prove the conduct of a non-party in order to prevail on its claim. The court distinguished cases in which joint tortfeasors were not found to be "indispensable", holding that the circumstances presented there were more significant than those of a routine joint tortfeasor. *Id.* at 847-848. To prove its claims, the plaintiff would have been required to show that the defendant acted in concert with missing defendants. *Id.* at 848. Relying on *Haas v. Jefferson National Bank*, 442 F.2d 394 (5th Cir.1971), the *Laker Airways, Inc.* court held that a joint tortfeasor will be considered a necessary party when the absent party "emerges as an active participant" in the allegations made in the complaint that are "critical to the disposition of the important issues in the litigation." *Id.* at 848 (*citing* 442 F.2d at 398). Here, Mr. Sloan alleges that Ms. Hepburn and Mr. Camuso acted in concert to defame him as active participants. [¶12, ¶35-40, ¶43, ¶51-55, ¶58, and ¶82-85 of D.E. 34]. As such, both Ms. Hepburn and Mr. Camuso are indispensable parties. Accordingly, Counts I, II, III, IV and VII of the Amended Complaint should be dismissed for failure to join these indispensable parties.

## 4) **CONCLUSION**

CASE NO.: 8:17-CV-00332-JDW-AAS

For the reasons stated above, this Court should dismiss the Amended Complaint against Mr. Shatner for lack of personal jurisdiction, insufficient service of process, failure to state a claim upon which relief can be granted, on the basis of *forum non conveniens*, and for failure to join indispensable parties to the action.

Dated: August 31, 2017                    Respectfully submitted,

                                          /s/ John Bond Atkinson
                                          JOHN BOND ATKINSON
                                          Florida Bar No.: 0290270
                                          JOHN B. ATKINSON
                                          Florida Bar No.  0099691
                                          Atkinson, P.A.
                                          2 South Biscayne Boulevard, Suite 3750
                                          Miami, Florida 33131
                                          Telephone: (305) 376–8840
                                          Facsimile: (305) 376–8841
                                          Primary e-mail: jatkinson@atkattorneys.com
                                          Primary e-mail: atkinsonjb@atkattorneys.com
                                          Secondary e-mail: dferrari@atkattorneys.com
                                          *Attorney for Defendant William Shatner*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 31st day of August, 2017 a true and correct copy of the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system, which will furnish an electronic copy to all counsel of record.

                                          /s/ John Bond Atkinson
                                          JOHN BOND ATKINSON
                                          Florida Bar No. 0290270